| | | | |
|---|---|---|---|
| JONATHON BROWN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:20-CV-118-TAV-DCP |
| | ) | | |
| WARDEN BOYD, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Now before the Court is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner challenges a criminal judgment against him in the Robertson County, Tennessee [Doc. 3 p. 2]

Under 28 U.S.C. § 2241(d), a petitioner may file a habeas corpus petition in the district where his judgment was entered or in the district where he is incarcerated. Petitioner is presently confined in the Northeast Correctional Complex ("NECX") in Johnson County, Tennessee, and his judgment of conviction was entered by a criminal court in Robertson County, Tennessee [Doc. 3 p. 2]. Robertson County, the situs of Petitioner's conviction, lies within the Nashville Division of the United States District Court for the Middle District of Tennessee. 28 U.S.C. § 123(b)(1). However, Johnson County, Tennessee is in the Eastern District of Tennessee. 28 U.S.C. § 123(a)(2).

Thus, venue for this § 2254 petition is proper in both this District and the Middle District of Tennessee. A petitioner's place of confinement may change, however, while the district of his conviction will remain constant. Accordingly, the consistent practice

in the Tennessee federal courts is to transfer habeas petitions to the district in which the convicting court is located.

As the Court is authorized to transfer a case such this to another District "in the interest of justice," 28 U.S.C. § 1406(a), the Clerk will be **DIRECTED** to transfer this action to the Nashville Division of the United States District Court for the Middle District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE